IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00772-BNB-KMT

DANA BALDUKAS,

Plaintiff,

v.

36K, LLC,

Defendant.

---

## ORDER

---

This matter arises on the defendant's **Motion for Leave to File First Amended Answer**
[Doc. # 36, filed 10/26/2012] (the "Motion to Amend"), which is DENIED.

This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*
The defendant seeks to amend its answer to add a counterclaim to collect the underlying debt.
Motion to Amend [Doc. # 36] at ¶4.

Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend should be freely given when
justice so requires.  However, in Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court
identified five non-exclusive circumstances under which amendment may not be appropriate--
"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue
of allowance of the amendment, futility of amendment, etc. . . ."  An amendment is futile if the
proposed counterclaim would be subject to dismissal under Fed. R. Civ. P. 12.  Anderson v.
Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1178, 1188 (10th Cir. 2008).

The plaintiff argues that amendment is futile here because the proposed counterclaim necessarily would be dismissed for lack of subject matter jurisdiction.  Response [Doc. # 41] at p. 1.  Jefferson County School Dist. v. Moody's Investor Services, Inc., 175 F.3d 848, 859 (10th cir. 1999).  I agree.

Federal courts are courts of limited jurisdiction.  Exxon Mobil Corp v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005).  They possess only that jurisdiction conferred by the Constitution and statute.  Id.  Here, there is no jurisdiction to support the defendant's proposed counterclaim.

First, the proposed counterclaim does not raise a federal question cognizable under 28 U.S.C. § 1331.  To the contrary, collection of a debt raises issues of state law.

Second, the proposed counterclaim is not subject to diversity jurisdiction under 28 U.S.C. § 1332.  The plaintiff does not allege that the parties are diverse, and the amount in controversy under the claimed debt is $964.44, far below the statutory minimum of $75,000.  See Exxon Mobil, 545 U.S. at 552 (noting that "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000").

Finally, this is not a proper case for the exercise of supplemental jurisdiction.  Section 1367(a), 28 U.S.C., provides:

> [I]n any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

However, the statute also provides that a district court may decline to exercise supplemental

jurisdiction if:

> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  See Merrifield v. Bd. of County Commr's, 654 F.3d 1073, 1085 (10th Cir. 2011).

Although the Tenth Circuit Court of Appeals has not considered the precise issue presented here--whether collection of the debt "is so related to claims in the action within such original jurisdiction [the alleged fair debt collection violations] that they form part of the same case or controversy under Article III"--the overwhelming majority of courts that have considered the issue have declined to exercise supplemental jurisdiction.  For example, in Leatherwood v. Universal Business Service Co., 115 F.R.D. 48, 49-50 (W.D.N.Y. 1987), the court noted that although the FDCPA claim and collection counterclaim "arise from the same underlying business transaction," the issues presented by the two claims are "starkly different" and the "relationship is more illusory than real:"

> The [plaintiff's claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants. On the other hand, [the collection] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.  The claim and counterclaim are, of course, "offshoots" of the same

3

> basic transaction, but they do not represent the same basic
> controversy between the parties.

Id.  See also Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 471 (D. N.M. 1990)

(noting that "whether a consumer is liable for the underlying debt that a debt collector is

attempting to collect is irrelevant and immaterial to whether the debt collector is liable for

conduct that violates the [FDCPA]").  In this case, the factual bases for the two claims have

several important distinctions.  First, although the debt was incurred in June of 2011 [Doc. # 36-

2], the alleged unfair collection efforts did not occur until November 2011.  Complaint [Doc. #

1] at ¶¶11-12.  In addition, although the debt has been assigned to the collection agency (36K,

LLC) for collection, Motion to Amend [Doc. # 36] at ¶ 5, the underlying debt was incurred to

Premier Cash Advance [Doc # 36-2].  Consequently, allowing the amendment potentially would

bring into this action an entirely distinct set of actors and could substantially expand the

litigation.

Finally, applying 28 U.S.C. § 1367(c)(4), I agree with those courts that have found that

allowing collection of the underlying debt in the same action as the FDCPA claim "might well

have a chilling effect on persons who otherwise might and should bring suits" under the FDCPA.

Leatherwood, 115 F.R.D. at 49.  As the Leatherwood court noted:

> Given the remedial nature of the FDCPA and broad public policy
> which it serves, federal courts should be loath to become immersed
> in the debt collection suits of the target of the very legislation
> under which a FDCPA plaintiff states a cause of action.

Id. at 50 (internal quotation and citation omitted); Taylor v. Cavalry Portfolio Services, LLC,

2012 WL 4092508 *3 (E.D. Tex. Aug. 21, 2012) (same).

4

I lack subject matter jurisdiction to hear the debt collection counterclaim.

IT IS ORDERED that the Motion to Amend [Doc. # 36] is DENIED.

Dated December 11, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge